ENTERED
RECEIVED
LODGED

OCT 1 0 2014

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## (SOUTHERN DIVISION)

BRIDGET CARADORI, Individually and as
Personal Representative of Patricia Daley,
Deceased, And for the Benefit of ROBERT L.
DALEY,

              Plaintiffs,

v.

ETHICON ENDO-SURGERY, INC. d/b/a
ETHICON WOMEN'S HEALTH AND
UROLOGY, KARL STORZ ENDOSCOPY-
AMERICA, INC., KARL STORZ
ENDOVISION, INC., and KARL STORZ
GMBH & CO., KG, ORGANIZED IN
GERMANY,

              Defendants.

CIVIL ACTION NO. DKC 14 cv 3198

**REMOVED FROM THE CIRCUIT
COURT FOR MONTGOMERY
COUNTY, MARYLAND**

## NOTICE OF REMOVAL

Without submitting to the personal jurisdiction of this Court and without waiving any

available defenses, including, without limitation, lack of jurisdiction, improper venue, or

insufficient service of process, Defendant, Ethicon, Inc., incorrectly sued as Ethicon Endo-

Surgery, Inc. d/b/a Ethicon Women's Health and Urology, ( "Ethicon"), by and through its

undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 103(5),

files this Notice of Removal of this action from the Circuit Court for Montgomery County,

Maryland, where it is currently pending, to the United States District Court for the District of

Maryland, Southern Division.  In support of this removal, Ethicon states as follows:

      1.     This is a products liability action against the manufacturers of a medical device

known as a Morcellator for injuries and death allegedly caused to Plaintiffs and their Decedent

by use of the defendant manufacturers' medical devices.

2.      On July 15, 2014, Plaintiffs commenced this action by filing a Complaint in the Circuit Court for Montgomery County, Maryland, bearing Case No. 393031-V, against Ethicon, KARL STORZ Endoscopy-America, Inc, KARL STORZ Endovision, Inc. and KARL STORZ GMBH & Co., KG.

3.      As set forth more fully below, this case is properly removed to this Court under 28 U.S.C. § 1441 because the Removing Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.    REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.      The state court Summons and Complaint have not been properly served upon Ethicon, however, Ethicon received a copy of the Summons and Complaint through its parent, Johnson & Johnson, on September 10, 2014.[1]  Upon information and belief, KARL STORZ Endoscopy-America, Inc. and KARL STORZ Endovision, Inc. accepted service of the Summons and Complaint on September 24, 2014.  Upon information and belief, Defendant KARL STORZ GMBH & Co., KG has not been served with the state court Summons and Complaint. Accordingly, because this Notice of Removal is being filed within 30 days of the date of service of any defendant, removal is timely filed under 28 U.S.C. § 1446(b).

5.      Venue for removal is proper in this district and division under 28 U.S.C. § 100 because this district and division embrace the Circuit Court for Montgomery County, Maryland, the forum in which the removed action was pending.

6.      Co-defendants KARL STORZ Endoscopy-America, Inc.'s and KARL STORZ

---

[1] Plaintiffs subsequently attempted to serve a Summons and Amended Complaint on Ethicon again though its parent, John & Johnson, on September 18. 2014 and September 23, 2014.  This service was also improper.  A copy of the Amended Complaint received by Ethicon through Johnson & Johnson is attached hereto with the other pleadings as **Exhibit 3**.

- 2 -

Endovision, Inc.'s Consent to and Joinder in Removal are attached hereto as **Exhibits 1-2**. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action"). The other named Defendant, KARL STORZ GMBH & Co., KG, has not been served and need not join in or consent to removal. *Gee v. Lucky Realty Homes, Inc.*, 210 F. Supp. 2d 732, 736 (D. Md. 2002) ("[T]he rule is that only those defendants who have been served must file or join in a timely removal petition.").

7.      No previous application has been made for the relief requested herein.

8.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Ethicon, which include the Complaint and Amended Complaint, are attached hereto collectively as **Exhibit 3**.

9.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Circuit Court for Montgomery County, Maryland.

## II.     REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. §§ 1332 AND 1441.

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of costs and interest, and is between citizens of different states.

### A.     There is complete diversity between the parties.

11.     Plaintiff Bridget Caradori alleges that she is the duly appointed Administrator of the Estate of Patricia Marie Daley, deceased, a Maryland Estate, and that at the time of her death Ms. Daley was a resident of the State of Maryland. (Compl. ¶ 3.) Pursuant to 28 U.S.C. § 1332(c)(2) "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent" for the purposes of § 1332 and § 1441. Accordingly,

- 3 -

Ethicon avers that Plaintiff Bridget Caradori is now, and was at the time of the filing of this action, a resident, and therefore domiciliary and citizen of Maryland, because that is the State where the Decedent resided. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)) (A party's residence is "prima facie" evidence of citizenship.); *Weiner v. Zeneca Pharm. Found.*, 1999 WL 342247, * 2 (E.D.N.Y. May 14, 1999) (residence at the time a lawsuit is filed is prima facie evidence of an individual's citizenship) (citations omitted); *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary)).

12.     Plaintiff Richard L. Daley alleges in the Complaint that he is a resident of New York. (Compl. ¶ 4.)  Accordingly, Ethicon avers that Plaintiff Richard L. Daley is now, and was at the time of the filing of this action, a resident, and therefore domiciliary and citizen of New York. *See State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)) (A party's residence is "prima facie" evidence of citizenship.); *Weiner v. Zeneca Pharm. Found.*, 1999 WL 342247, * 2 (E.D.N.Y. May 14, 1999) (residence at the time a lawsuit is filed is prima facie evidence of an individual's citizenship) (citations omitted); *Willis v. Westin Hotel Co.*, 651 F.Supp. 598, 601 (S.D.N.Y. 1986) (citing *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941) (the place where a person lives is properly taken to be that person's domicile until established to the contrary)).

13.     Defendant Ethicon, Inc., incorrectly sued as Ethicon Endo-Surgery, Inc. d/b/a Ethicon Women's Health and Urology, is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey, and therefore is a citizen of New Jersey for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

- 4 -

8648411-v1

14.     Defendant Ethicon Endo-Surgery, Inc. d/b/a Ethicon Women's Health and Urology, is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio, and therefore is a citizen of Ohio for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

15.     Defendant KARL STORZ Endoscopy-America, Inc., is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of California with its principal place of business in California, and therefore is a citizen of California for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

16.     Defendant KARL STORZ Endovision, Inc., is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business in Massachusetts, and therefore is a citizen of Massachusetts for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

17.     Upon information and belief, and as alleged in the Complaint at ¶ 7, Defendant KARL STORZ GMBH & Co., KG, is and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the Germany with its principal place of business in Tuttlingen, Germany, and therefore is a citizen of Germany for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

18.     Hence, there is complete diversity between the plaintiffs and defendants in this case, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

19.     In addition, no defendant is a citizen of the state in which this action was brought.

**B.      The amount in controversy requirement is satisfied.**

20.     The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiffs' Complaint and Case Information Report

8648411-v1

that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

21.     Here, Plaintiffs demand relief in the form of "compensatory damages in excess of the jurisdictional amount," medical expenses, punitive damages, and restitution and disgorgement of profits, in an unspecified amount. (Compl. Prayer for Relief at pp. 22-23.) Since the jurisdictional cap on noneconomic damages arising after October 1, 1994 in Maryland is $500,000 plus $15,000 for each year thereafter in which a cause of action arises, it is apparent from the allegations of the Complaint, and Plaintiffs' Prayer for Relief therein, that Plaintiffs seek damages well in excess of $75,000. *See* Md. Code Ann., Cts. & Jud. Proc. §11-108; *see also Morris v. Naugle*, 722 F.Supp. 1285, 1286 (D.Md.1989) (The required amount in controversy "is satisfied by reference to the allegations of the complaint that are made in good faith, and the sums demanded in the complaint control.").

22.     Plaintiffs also allege in the Complaint that they are entitled to an unspecified amount of punitive damages, which are available under Maryland law in products liability cases where the plaintiff has established that the defendant's conduct was characterized by evil motive, intent to injure, ill will, or fraud, i.e., "actual malice," *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 601 A.2d 633 (1992), reconsideration denied, 325 Md. 665, 602 A.2d 1182 (1992), and can be used to satisfy the jurisdictional amount in controversy. *See Powers v. Equitable Prod. Co.*, 2010 WL 547395, at *3 (W.D. Va. Jan. 26, 2010) *report and recommendation adopted sub nom. Powers v. EQT Prod. Co.*, 2010 WL 520201 (W.D. Va. Feb. 9, 2010) (a claim for punitive damages may be used to satisfy the jurisdictional amount in controversy if it is possible for the jury to award punitive damages under the applicable state law.); *see also Bochenski v. M & T Bank*, 2014 WL 3671570, at *2 (D. Md. July 21, 2014) (explaining that plaintiff's complaint determines the amount in controversy and finding the jurisdiction requirement met where the complaint alleged

8648411-v1

damages in excess of $100,000 in addition to punitive damages).

23.     In addition, Plaintiffs assert in the Case Information Report, filed with the Complaint in the Circuit Court for Montgomery County, Maryland,[2] that the damages/relief sought in this case is over $100,000. As a result, although the Complaint does not demand a specific dollar amount for damages, the amount-in-controversy requirement for diversity jurisdiction is satisfied in this case by the statement of relief sought in excess of over $100,000 in the Case Information Report. *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (If a complaint "does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."); *Delph v. Allstate Home Mortgage, Inc.*, 478 F. Supp. 2d 852, 853 (D. Md. 2007) (examining the Civil Intake Sheet filed with plaintiff's complaint in the Circuit Court for Montgomery County when determining the "amount in controversy" for purposes of removal where it was unspecified in the complaint).

24.     The nature of the injuries claimed in this case and the prayer for punitive damages in addition to compensation for non-economic damages in excess of the jurisdictional amount of at least $500,000, coupled with additional damages requested for economic injuries, demonstrates that the amount in controversy in this matter exceeds $75,000.

WHEREFORE, Defendant, Ethicon, Inc., incorrectly sued as Ethicon Endo-Surgery, Inc. d/b/a Ethicon Women's Health and Urology, respectfully removes this action from the Circuit Court for Montgomery County, Maryland, bearing Civil Action No. 393031 V, to this Court under 28 U.S.C. § 1441. Should any question arise as to the removal of this matter, removing defendant respectfully requests an opportunity to provide briefing and oral argument as to why removal is proper.

---

[2] A copy of the Case Information Sheet that was filed in the Circuit Court is attached hereto as ***Exhibit 4***.

8648411-v1

Respectfully submitted,

_____
Paul F. Strain (Bar No. 01255)
PFStrain@Venable.com
Kathleen S. Hardway (Bar No. 25406)
KSHardway@Venable
Venable LLP
750 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
Telephone: (410) 244-7400
Facsimile: (410) 244-7742

*Attorneys for Defendant Ethicon, Inc.,*
*incorrectly sued as Ethicon Endo-Surgery, Inc.*
*d/b/a Ethicon Women's Health and Urology, and*
*Ethicon Endo-Surgery, Inc. d/b/a Ethicon Women's*
*Health and Urology*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the 10th day of October, 2014, copies of the foregoing

*Notice of Removal* were mailed via first-class mail, postage prepaid, pursuant to FRCP

5(b)(2)(C), to:

Caragh G. Fay, Esq.
Annie P. Kaplan, Esq.
Molly P. Hoffman, Esq.
Fay Kaplan Law, P.A.
777 6th Street, NW, Suite 410
Washington, DC  20001

*Attorneys for Plaintiffs*

Robert W. Goodson, Esq.
Kathleen H. Warin, Esq.
Wilson Elser Moskowitz Edelman & Dicker LLP
700 11th Street, NW Suite 400
Washington, D.C. 20001
Telephone: (202) 626-7660
Facsimile: (202) 628-3606

*Attorneys for Defendants KARL STORZ Endoscopy-America, Inc., KARL STORZ Endovision, Inc. and KARL STORZ GMBH & Co., KG*

Kathleen S. Hardway

8648411-v1